**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

| | |
|---|---|
| **PAMELA LEHMAN**, | **Case No**: 16- |
| **Plaintiff,** | |
| v | |
| **PECKHAM, INC.** | **Hon.** |
| | **The Plaintiff Demands A Trial By Jury** |
| _____/ | |

Joni M. Fixel (P56712)
Attorney for Plaintiff
Fixel Law Offices, PLLC
4084 Okemos Rd., Ste B
Okemos, MI 48864
(517) 332-3390
jfixel@fixellawoffices.com

**COMPLAINT**

NOW COMES the Plaintiff, Pamela Lehman, by and through her attorney, Joni Fixel, and in support of her complaint state as follows:

**JURISDICTION AND PARTIES**

1. Plaintiff Lehman resides in the City of East Leroy, County of Calhoun, in the State of Michigan and is a citizen of the United States.

2. Defendant Peckham, Inc. is a Domestic Non-profit corporation (hereinafter "Peckham") with its offices in Lansing Michigan and operates various locations within the State of Michigan.

3. The events in controversy occurred during the Plaintiff's employment with Peckham while working at the Hart-Dole-Inouye Federal Center in Battle Creek, Michigan.

4. The Plaintiff alleges violations of the Age Discrimination in Employment Act, 29 USC Chapter 14, and Title VII of the Civil Rights Act, 42 USC §2000(e) et seq.

5. The jurisdiction of this Court is properly invoked pursuant to 28 USC §1331.

6. The amount in controversy exceeds $75,000.00.

## BACKGROUND FACTS

The Plaintiff incorporates paragraphs one through six as being fully set forth within.

7. Plaintiff Lehman was hired by Defendant Peckham on September 8, 2014 to work at the Hart-Dole-Inouye Federal Center ("Federal Center") in Battle Creek, Michigan.

8. Plaintiff was hired to work in a Call Center at the Federal Center.

9. The day that Plaintiff was hired, there were two others hired as well: Susan Brown and Monica Warner. Both Ms. Brown and Ms. Warner were decades younger than Plaintiff.

10. On or about September 8, 2014, Plaintiff began her training in classrooms.

11. After classroom training, Plaintiff and the other new hires were placed with other call center agents to listen in to calls for training.

12. Plaintiff was then placed with a "mentor" to assist her in her training.

13. During the time that the Plaintiff was placed with the mentor, she was verbally chastised and verbally abused for not knowing what to do immediately when asked.

14. After several weeks of the abusive treatment, Plaintiff told her training supervisor what was happening and Plaintiff was moved to a new mentor.

15. Without the stress of verbal abuse, Plaintiff was able to learn the job quickly.

16. Plaintiff noticed that all mentors trained differently and had different rules.

17. During her training period, the trainees had to complete a four (4) hour computer test before they would become certified.

18. The computer test was to determine whether the trainee knew the SOP's on the computer. The SOP's were the reference material if the call agent didn't know an answer for a call or needed to know how to process a request.

19. Trainees had three (3) chances to take the test and an 80% correct score was required.

20. Plaintiff was able to complete the test and achieved a 96% correct score on her first attempt.

21. Susan Brown also passed the test on her first try.

22. Monica Warner was not able to complete the test on her first or second try with an 80% score.

23. On Monica Warner's third attempt, the Training Supervisor, Barbara Leinaar took Ms. Warner into the training room and gave her the test orally so she could pass the test. However, Ms. Warner was not required to find the answers according to the computer SOP procedures.

24. For further evaluation, each trainee was to be given three (3) sets of four (4) calls to be evaluated.

25. Plaintiff was evaluated with one set of four (4) calls and two additional calls.

26. On or about January 16, 2015, Plaintiff was taking calls at her desk when Monica Warner passed by her desk. Ms. Warner told Plaintiff that she was going back to the classroom for additional training.

27. Shortly afterward, Training Supervisor Barbara Leinaar came to the Plaintiff's desk and had her follow her to a conference room.

28. In the conference room was Supervisor Brandy White. Brandy White told the Plaintiff that she was being fired because she wasn't learning fast enough.

29. Defendant continued to train a younger employee and assist her with extra training while terminating the older employee.

30. Plaintiff Lehman alleges that age was a factor in the decision to terminate her employment and to treat her differently than the younger workers.

## COUNT ONE – VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT PURSUANT TO 29 USC 623(a)

The Plaintiff incorporates paragraphs one through thirty as being fully set forth within.

31. Plaintiff Lehman has exhausted her administrative options through the EEOC. **(See Exhibit One)**

32. Plaintiff Lehman is an employee within the meaning of 29 USC 630(f).

33. Defendant Peckham meets the criteria for being an employer within meaning of 29 USC 630(b)

34. Plaintiff Lehman was denied the opportunity to work when she was summarily fired for not "learning fast enough."

35. Plaintiff Lehman was over 40 years old when fired by Defendants.

36. Plaintiff Lehman's age was the reason that influenced the Defendants when making their decisions to fire her.

37. Younger employees who were struggling with the job duties and failed the tests were given extra training and were not fired.

38. Plaintiff experienced a disparate impact in her employment due to her age from the actions of the Defendants.

## COUNT TWO – VIOLATION OF TITLE VII, CIVIL RIGHTS ACT, 42 USC § 2000 (E) et seq.

The Plaintiff incorporates paragraphs one through thirty-eight as being fully set forth within.

39. Plaintiff Lehman has exhausted her administrative options through the EEOC.

40. Plaintiff Lehman is an employee within the meaning of 42 USC 2000e (f).

41. Defendant Peckham meets the criteria for being an employer within meaning of 42 USC 2000e(b).

42. Plaintiff Lehman was denied the opportunity to work based in part on her age while younger workers who failed tests were allowed additional training and to keep their employment.

43. Age was at least one factor in the decision to terminate the Plaintiff in violation of Title VII of the Civil Rights Act.

44. As a result of the actions of the DLA, Plaintiff Lehman was forced from her position and terminated from her employment.

**PRAYER FOR RELIEF**

WHEREFORE the Plaintiff, being without relief other than this Honorable Court, requests that this Court enter judgment against the Defendants, and that:

A. That the Plaintiff be awarded compensatory damages where appropriate

B. That the Plaintiff be awarded non-economic damages where appropriate;

C. That the Plaintiff be awarded exemplary damages where appropriate;

D. That the Defendants bear the costs of this suit, including attorney's fees where appropriate;

E. Any further damages or equitable remedies as this honorable Court sees fit to grant.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

**/s/Joni M. Fixel (P56712)**
Joni M. Fixel
Attorney for the Plaintiff                                    Dated: January 6, 2016
Fixel and Nyeholt, PLLC
4084 Okemos Rd., Ste B
Okemos, MI 48864
(517) 332-3390
jfixel@fixellawoffices.com